UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN SPADACCINI,<br>　　　　　　　　　Plaintiff,<br>v.<br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br>　　　　　　　　　Defendant. | Civ. No. 15-7382 (KM)<br><br>OPINION & ORDER |

## KEVIN MCNULTY, U.S.D.J.:

In 2013, this matter was initially remanded to the SSA by Judge Martini. *Spadaccini v. Comm'r of Soc. Sec.*, No. CIV. 2:12-06246 WJM, 2013 WL 6054605 (D.N.J. Nov. 15, 2013). The matter was reheard at the administrative level, and Mr. Spadaccini again appealed. By Opinion ("Op.", ECF no. 20) and Order (ECF no. 21), this Court affirmed the decision of the SSA denying DIB benefits for the period September 1, 2007 through December 31, 2008 (the "DIB issue"). I found, however, that the ALJ had failed to consider or rule on the claim for SSI for the period January 1, 2009, through March 5, 2011 (the "SSI issue"), and remanded for further consideration of that issue.[1] Counsel for Mr. Spadaccini now moves for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), claiming to have prevailed on the portion of the Court's opinion that remanded on the SSI issue. (ECF no. 22) For the reasons stated herein, the application is denied.

---

[1] Familiarity with my prior Opinion is assumed.

1

The concern of the EAJA is "that the Government, with its vast resources, could force citizens into acquiescing to adverse Government action, rather than vindicating their rights, simply by threatening them with costly litigation . . . ." *Pierce v. Underwood*, 487 U.S. 552, 575 (1988). Thus the EAJA does not automatically award fees to the victor in a suit against the government. *See Williams v. Astrue*, 600 F.3d 299, 302 (3d Cir. 2009). Rather, it awards fees to the victor "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).[2] For the reasons stated herein, I find that the government's opposition to this appeal was "substantially justified." In addition, "special circumstances"—chiefly, the failure of petitioner's counsel to present the omitted issue clearly to the ALJ, or to this Court on appeal—militate against an award of fees.

---

2   Judge Wolfson has usefully summarized the "substantially justified" standard thus:

> The Third Circuit has held that substantial justification "constitute[s] a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous." *Washington*, 756 F.2d at 961 (citing *Dougherty v. Lehman*, 715 F.2d 555, 563 n.12 (3d Cir. 1983)). As such, in order to meet its burden of substantial justification, the Commissioner must show that her position in the underlying litigation contained the following: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Id.* at 961 (citing *Natural Resources Defense Council v. EPA*, 703 F.2d 700, 708 (3d Cir. 1983)). Stated differently, "an agency position is substantially justified if it has a reasonable basis in both law and fact." *Hanover Potato Products, Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993) (citation omitted). Importantly, the Commissioner's position can have a reasonable basis in both law and fact, even if a court remanded the ALJ's decision because it was not supported by substantial evidence. *Morgan v. Perry*, 142 F.3d 670, 685 (3d Cir. 1998).

*Standowski v. Colvin*, No. CV 13-5663 (FLW), 2016 WL 2625029, at *2 (D.N.J. May 9, 2016)

This case went before the ALJ on an earlier remand by Judge Martini. As recounted in my earlier Opinion, Spadaccini's counsel stated or implied to to the ALJ that the only issue to be considered was the DIB issue. AS to the SSI issue, counsel did not seek to correct the ALJ's oversight, if oversight it was. See Op. 18–20. After the ALJ denied relief on the DIB issue, Spadaccini's counsel filed an appeal to this Court. On appeal, the second, SSI issue did not go wholly unmentioned, but it was not clearly presented for this court's review, and the petitioner's brief fairly presented only the DIB issue. See Op. 20.

On review of the case, I noted that the SSI issue for the period January 1, 2009 through March 5, 2011 seemed to have gone unadjudicated. *Sua sponte* I entered a text order directing counsel for both sides to address it. (ECF no. 16) They did so, in short letter submissions. (ECF nos. 17, 18, 19) In my Opinion, stating that I was loath to find waiver, I remanded the case on the SSI issue only, so that the ALJ could consider it in the first instance. (Op. 20–21)

The government's position was substantially justified. It did not drag Mr. Spadaccini into court on flimsy grounds. Rather, the government opposed the appeal on the only grounds fairly presented, and prevailed on those grounds. Even where the plaintiff has prevailed or obtained a mixed result, a court may find that the government's position was substantially justified. *See Bassett v. Astrue*, 641 F.3d 857, 860 (7th Cir. 2011) (remanding for clarification of onset date but denying fee award, noting that "it typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified"); *Williams*, 600 F.3d at 302; *Standowski v. Colvin*, Civ. No. 13-5663, 2016 WL 2625029 at *3 (D.N.J. May 9, 2016). And this case does not even come up to that mixed-result threshold. True, there was an additional ground on which the government did not prevail (the SSI issue). That, however, does not bespeak any weakness in the government's position, and does not suggest that the government was unreasonable in filing an opposition to the appeal, which until the Court acted *sua sponte* involved

only the DIB issue. The SSI issue, moreover, was not decided adversely at the administrative level; it was overlooked and unadjudicated. Counsel for both sides, at the court's prodding, addressed it only in short letter submissions. And the result was not in any sense a victory, but rather a remand so that the issue could be considered in the first instance.

Second, the "special circumstances" of this case argue against an award of fees, which would reward petitioner's counsel for its own oversights. As noted above, counsel failed to clearly present the SSI issue to the ALJ on the first remand.

As noted, the matter was initially remanded by Judge Martini in 2013. Counsel (the same counsel representing the claimant here) was awarded a fee of $6050 for prevailing on that appeal. (Civ. No. 12-6246, ECF no. 21) Having won a remand, counsel then failed to pursue the SSI issue before the ALJ. As a result, the SSI issue was never adjudicated on remand. In a very real sense, then, the application here seeks a second fee for a second, duplicative remand. And that remand seemingly occurred only because the Court raised the issue *sua sponte*. Under the circumstances, a fee award would be inequitable.

## ORDER

Accordingly, IT IS this 27th day of March, 2018

ORDERED that the application for attorney's fees (ECF no. 22) is DENIED.

**KEVIN MCNULTY**
**United States District Judge**